UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CATERPILLAR FINANCIAL ) | |
| SERVICES CORPORATION ) | |
| ) | Civil No. 10-316-GFVT |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SUNNYTIME SEEDING AND ) | **&** |
| LANDSCAPING, LLC, et al. ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Motion for Summary Judgment. [R. 24]. The Defendants filed no response and have filed nothing in the record other than an Answer [R. 7] and a FRCP 7.1 Disclosure Statement. [R. 20]. The underlying facts in this case concern a contract dispute over an alleged default on a financing agreement. For the reasons set forth below, the Court finds that summary judgment is appropriate.

**I.**

Caterpillar and Sunnytime entered into a security agreement and promissory note in September of 2009 for the financing of certain equipment. [R. 24, Attach. 1]. In the agreement, Caterpillar agreed to sell the equipment to Sunnytime while maintaining a security interest in the property. [*Id*.]. In return, Sunnytime promised to pay Caterpillar sixty monthly installments of $2,562.87 beginning in August of 2009. [*Id*.]. At the same time the agreement and note were executed, both Todd Taylor and Janice Gilbert personally guaranteed the debt. [R. 11, Attach. 3; R. 11, Attach. 4].

According to Caterpillar, the defendants are now in default on the note and Caterpillar is entitled to relief from each of the three defendants. [R.24]. Neither Sunnytime, Taylor, nor Gilbert have opposed Caterpillar's motion. Indeed, the only opposition the defendants have filed in the record can be found in their Answer. [R. 7]. Essentially, the current suit is a simple contract dispute where one side has completely failed to contest the assertions made by its opposition.[1]

## II.

Caterpillar seeks summary judgment under FRCP 56. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D.Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and

---

[1] In its motion, Caterpillar seeks to rely on its propounded requests for admission and Sunnytime's lack of response to those requests. [R. 24, 3]. The Court notes that while Caterpillar stated that those requests for admission were filed in the record, there are, in fact, no requests for admission in the record. For the purposes of a complete record, the Court directs Caterpillar to file those requests, but the Court does not need the requests in order to rule on the motion.

identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding,* 285 F.3d 415, 424 (6th. Cir. 2002). Moreover, the movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Holding Hall*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Holding Hall*, 285 F.3d at 424 (internal citations omitted).

Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact" and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001) In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

### III.

While the Court is required to review the evidence and draw inferences in favor of the defendant at this stage, *Browning*, 436 F.3d at 695, the Court is currently faced with the somewhat atypical situation in which a defendant has failed to present any evidence from which the Court may draw favorable inferences. To be sure, not only have the defendants failed to

present evidence supporting their position, they have failed to make an argument opposing Caterpillar's position.  As a result, the defendants are in the precarious position of hoping that the general denials contained in the Answer are sufficient to create a genuine issue of material fact.

Unfortunately for the defendants, these general denials do not create an issue that rises to the necessary level to defeat the motion.  By relying only on its Answer, the defendants are implicitly asking the Court to make their argument for them.  This is impermissible.  It is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party:  seeking out facts, developing legal theories, and finding ways to defeat the motion."  *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

Even if the Court were inclined to find a material factual issue raised in the general denial present in the Answer, it is not permitted to.  In *Celotex Corp. v. Catrett*, the Supreme Court interpreted FRCP 56(e) as requiring a non-movant to do more than make "reference only to its pleadings" to defeat a properly made summary judgment motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In this case, Defendants have not only failed to rely on their pleading, they have failed to even go through the trouble of referring to their pleading.  Because of this, the Court finds the following rule applicable:  "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."  *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

Caterpillar's motion is well-supported.  There is evidence showing the existence of the contract [R. 24, Attach. 1], Taylor's personal guarantee [R. 11, Attach. 5] and Gilbert's personal guarantee [R. 11, Attach. 6].  Caterpillar alleges that the defendants are in default and owe Caterpillar $123,989.98 as of September 30, 2010.  [R. 24].  The defendants, meanwhile, have not

responded to either the assertion that they are in default or the amount to which they are indebted. The defendants effectively waived their opportunity to dispute either of these allegations. *Spurlock v. Whitley*, 79 Fed. Appx. 837, 839 (6th Cir. 2003) ("The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response.").

## IV.

For the reasons above, it is hereby **ORDERED** as follows:

1. Summary judgment for Caterpillar is appropriate and Caterpillar's motion [R. 24] is **GRANTED**;

2. As a result, the pre-trial conference and jury trial in this matter are **CANCELLED**;

3. In addition, the Court directs Caterpillar to file a proposed judgment in the record containing *only* that relief which Caterpillar is entitled to. The proposed judgment must be filed in the record by October 21, 2011.

This the 12th day of October, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge